UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 17-375 |
| | § |
| ROBERT WAYNE HANEY, | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Robert Wayne Haney ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1. Defendant agrees to plead guilty to Count[s] One through Four of the Indictment. Count One charges Defendant with **Sexual Exploitation of Children**, in violation of Title 18, United States Code, Section 2251. Count 2 charges Defendant with Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B), 2252A(b)(1). Count 3 charges Defendant with Receipt of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B), 2252A(b)(1). Count 4 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2). Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2251, is imprisonment of not less than 15 years and not more than 30 years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of **at least 5 years up to Life.** The **statutory** maximum penalty for violations of Title 18, United States Code, Sections 2252A(a)(2)(B), 2252A(b)(1), as contained in Counts Two and Three, is imprisonment for no less than 5 years and up to 20 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. The **statutory** maximum penalty for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

6. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States

3

Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 23 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

7. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to **drugs, fraud, illegal firearms/immigration.** Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    (b)    Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

    (c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

    (d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

    (e)    Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

    (f)    Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal and Collateral Review

8. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing

Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

(a) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

12. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count(s) One through Four of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On January 31, 2017, Dropbox, Inc. notified the National Center for Missing and Exploited Children (NCMEC) that the Dropbox account associated with the email address rwho42@gmail.com and user name "Rick Hartley," contained 26 digital files of child pornography. This was via CyberTip Report 17094842. The user of that account had logged

on from Internet Protocol (IP) address 73.155.50.197, which at that time was assigned to a specific address in Houston, TX. This address was the residence of Robert Wayne Haney, the Defendant, which, at the time of the execution of the warrant, he shared with two adult females and two minor females.

SA Whitmire reviewed the information reference in the CyberTip Report and learned that on December 19, 2017, at a specific time, the user of the account referenced above possessed several files depicting child pornography which were associated with the IP address, also referenced above. Dropbox provided a listing of all files that had been uploaded to this account since its creation. Over 18,000 files were uploaded, many with names indicative of child pornography. Dropbox was able to demonstrate files, with names consistent with child pornography were uploaded from July 2013 to January 30, 2017, when Dropbox closed the account.

SA Whitmire determined that all 26 files provided by Dropbox met the federal definition of child pornography. Three of the files are described as follows:

- "Boy Tied.mp4" – This is a video file that is three minutes in length, depicting a naked prepubescent male, who appears to be under the age of eight, lying on his back with his hands tied behind his head and his ankles tied together. His genitals and anus are exposed to the camera in a lewd and lascivious manner and a black strap is wrapped around his scrotum. A naked adult male performs oral sex on the boy's penis and anus.
- "Jackoff Dad.mp4" – This is a video file that is two minutes and 45 seconds in length, depicting a minor male, who appears to be under the age of 8, standing or sitting beside an adult male who is exposing his penis. The minor performs oral sex on the adult's penis,

then the minor exposes his own penis and the adult manually stimulates the minor's penis.

- "Penis Boy.mp4" – This is a video file that is one minute an eleven seconds in length. It depicts a seated adult male with a minor male, probably under the age of six, who is facing the camera. The adult pulls down the boy's shorts, exposing the boy's penis to the camera. The adult manually stimulates the boy's penis. The adult then turns the boy around, spreads the boy's buttocks for the camera, and exposes the boy's anus in a lewd and lascivious manner.

An administrative subpoena was served on Comcast, who owned the IP address reported by Dropbox, for subscriber information in regard to IP 73.155.50.197 on December 19, 2016 at 4:07:51 UTC. The subscriber info resolved to a Rosemary Ramirez at 16938 Hampton Glen Ct. Houston, TX 77083.

Based on the above information, SA Whitmire applied for a federal search warrant, which was signed by US Magistrate Judge Nancy Johnson on April 6, 2017. On April 18, 2017, the search warrant was executed at the 16938 Hampton Glen Ct. address. Present at that time were two adult females and two minor females. Haney arrived at the search site after being contacted by phone by SA Whitmire.

Haney was advised of his rights and agreed to speak to SA Whitmire and SA Nguyen in SA Whitmire's car outside the residence. Haney originally denied all knowledge of child pornography images. Denied using Dropbox and claimed none of this is making sense to him, he is not doing that stuff. Haney gave his phone passwords to the agents.

While this first interview was going on, Investigator Moats of the Fort Bend District Attorney's Office was conducting a forensic preview of some of the computer media found

in the home. Investigator Moats found child pornography on at least one Samsung cellular telephone and on the Kingston flash memory drive (manufactured in China).

The second part of the interview occurred shortly after the first part ended. The second interview was conducted in the home. Haney was confronted with images of child pornography found on his cell phone. Haney admitted to downloading and collecting child pornography. He estimated that he had viewed and possessed child pornography for approximately 20 years. Haney stated he utilized his Dropbox account until it was shut down in January of 2017.

SA Whitmire completed a review of the entire contents of the Dropbox account and observed approximately 330 images and 540 videos which met the federal definition of child pornography. Some of the videos included prepubescent minors and bondage. There were 16 videos of child pornography that appeared to have been produced inside the home of Haney. All the file titles included specific initials and were made with hidden cameras inside a bedroom, next to a toilet and focused on a shower stall. The minor male was identified and was born on 5/20/2003. Making him under the age of 18. It was determined that he lived in the home with Haney during the last several months of 2016. Some of the videos were broken down into 130 still images. All of the images contain the lewd and lascivious exhibition of the genitals of the minor male.

After Haney was arrested, while being transported to the Federal Detention Center, he was allowed to use SA Whitmire's phone to call his brother. Haney told his brother he had been arrested by the FBI for taking pictures of the aforementioned child. His brother asked if he did it and Haney responded affirmatively. Post Miranda, Haney indicated he used the

cell phone found in his Aleif ISD police department office to make the videos. He set the phone up to appear as if it were charging when, in fact, it was recording. SA Whitmire recovered the phone on 4/18/2017. The black Samsung Note II contained 119 still images, which met the federal definition of child pornography. Additionally, there were 175 images of child pornography that were broken down from a video of child pornography.

The Samsung cellular phone was manufactured outside the United States. SA Whitmire, post forensic analysis, reviewed the images on the hard drive (manufactured in the Philippines) contained in the Dell Inspiron laptop and found it contained images of child pornography. The Defendant utilized the internet, a means and facility of interstate and foreign commerce, to upload to his Dropbox account. It is clear from the above mentioned facts that Haney produced child pornography images/videos, distributed child pornography images/videos to Dropbox, received child pornography videos/images and at the time the search a warrant was executed, possessed child pornography images/videos.

**Breach of Plea Agreement**

17. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

18. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

21. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

22. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

23. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: a Samsung Galaxy Note II cell phone; a Kingston Data Traveler flash drive; and a Dell Inspiron 15 laptop computer.

24. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

25. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

26. Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

27. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

28. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_ Texas, on _June 14_, 20_18_

_____
Defendant

Subscribed and sworn to before me on _June 14_, 20_18_

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
Acting United States Attorney

By: _____   _____
Sherri L. Zack                          Charles Flood
Assistant United States Attorney        Attorney for Defendant
Southern District of Texas
713-567-9374

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 17-375 |
| | § |
| ROBERT WAYNE HANEY, | § |
| Defendant. | § |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     6/14/18
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

17

which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____        _____
Defendant                                                               Date    6/14/18